UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

CASE NO. 18-CV-00236-CHB                                ELECTRONICALLY FILED

DAVID ALLEN GABBARD and
DIANA MUNCY,                                                                     PLAINTIFFS,


VS.                    ANSWER OF DEFENDANTS SCOTT TOWNSLEY,
                         JOSHUA S. ROADEN, and BRANDON R. SCALF


SCOTT TOWNSLEY, JOSHUA S. ROADEN,
and BRANDON R. SCALF,                                                        DEFENDANTS.

** ** **

Comes now the Defendants Scott Townsley, Joshua S. Roaden, and Brandon R.

Scalf, each individually and in his official capacity, by and through counsel, and for their

Answer to Plaintiffs' Complaint, hereby state as follows:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim against the Defendants upon which

relief can be granted and should therefore be dismissed with prejudice.

**SECOND DEFENSE**

In response to the specific allegations of the Plaintiffs' Complaint, the Defendants

plead as follows:

1.  Defendants admit the allegations contained in paragraphs 4, 5, and 13 of the

Complaint to the extent these allegations do not contain conclusions or interpretations of

law.

2.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 6, 7, 10, 16, 21, 23, 26, 51, 54, 57, and 66 of the Plaintiffs' Complaint and therefore said allegations are denied.

3.   Defendants deny the allegations contained in the following paragraphs of the Complaint: 1, 11, 12, 14, 15, 17, 18, 19, 20, 22, 24, 25, 27, 28, 35, 36, 37, 39, 40, 41, 42, 44, 45, 46, 47, 48, 49, 50, 52, 55, 56, 58, 59, 60, 61, 63, 64, 65, 67, 68, and 69.

4.   As to paragraphs 2 through 6 under the heading "Jurisdiction and Venue," the Defendants acknowledge that this Court has jurisdiction over the subject matter alleged in the Complaint, has personal jurisdiction over the Defendants, and is the proper venue for an action between the parties.  The Defendants deny that the Plaintiffs are entitled to any relief in this action.

5.   As to paragraph 3 under the heading "Facts," the Defendants admit that Trooper Townsley stopped Mr. Gabbard on or about the time stated, but deny that the stop was for uncertain purposes.

6.   As to paragraph 8 under the heading "Facts," the Defendants admit that the Defendants went to the Plaintiffs' residence on or about the time stated, but deny that they appeared without cause or legal jurisdiction, and deny that they trespassed on private property of the Plaintiffs.

7.   As to paragraph 9 under the heading "Facts," the Defendants admit Trooper Townsley approached the front of the residence and Troopers Scalf and Roaden went to the rear of the residence, but deny that Troopers Scalf or Roaden saw Ms. Muncy in a state of undress.

8.  As to paragraphs 30 through 34 amount to statements of legal principles and do not require a response in this Answer.

9.  Defendants deny each and every remaining allegation of the Complaint not specifically admitted herein.

### THIRD DEFENSE

Defendants hereby incorporate by reference, as if specifically set forth herein, any and all affirmative defenses generally recognized as applicable to an action of the type asserted in the Complaint.  Such defenses included, but are not limited to, any and all affirmative defenses set forth in any existing Federal or State law, rule, regulation or statute, to any claim or cause of action asserted by the Plaintiffs herein.

### FOURTH DEFENSE

All or part of Plaintiffs' claims may be barred by sovereign and/or governmental immunity, by statute, such as but not solely limited to KRS Chapter 65, and/or the immunity set forth under the Eleventh Amendment to the United States Constitution.

### FIFTH DEFENSE

That this action is barred by the qualified, official and/or good faith immunity of the Defendants.

### SIXTH DEFENSE

That this action is barred by the absolute immunity of the Defendants.

### SEVENTH DEFENSE

The damages claimed by the Plaintiffs are the result of Plaintiffs' own negligence and/or unlawful and/or wrongful act and/or omission, and are the result of the negligence

and/or are the result of the negligence and/or unlawful and/or wrongful act and/or omission of another third-party, or the result of a preexisting condition or superseding/intervening event, and his damages, if any, and injuries, if any, and any judgment rendered in favor of Plaintiffs should be reduced in accordance with the law of comparative negligence.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## NINTH DEFENSE

At the time of and on the occasion complained in the Complaint, Plaintiffs may have been negligent, which negligence was a substantial factor in causing his/her injuries, if any there are, and said negligence constitutes a bar either in whole or in part to the Plaintiffs' Complaint.

## TENTH DEFENSE

The damages about which the Plaintiffs complain, if any there were, may have been caused or brought about or may have been the proximate result of conduct on the part of other persons not parties to this lawsuit, all without negligence or fault on the part of the Defendants.

## ELEVENTH DEFENSE

At all times relevant hereto, the Defendants acted reasonably, properly, in good faith, in accordance with law, without wrongful intent or malice, with proper justification and in the exercise of reasonable professional judgment, including but not necessarily limited to each Defendant's actions with respect to his employment, duties and/or

responsibilities as a sworn law enforcement officer of Kentucky State Police, or otherwise

with respect to Plaintiffs herein.

## TWELFTH DEFENSE

That the Plaintiffs have caused and also may have failed to mitigate any and all of

their alleged damages and/or aggravated the same by their own actions or inactions,

which bars in whole or in part their claim for damages.

## THIRTEENTH DEFENSE

The injuries and damages complained of by Plaintiffs, if any, may have been

caused by the acts of Unknown Defendants and/or Unknown Third Persons over which

the Defendants had no control, which acts to serve as a bar, either in whole or in part, to

the claims of the Plaintiffs.

## FOURTEENTH DEFENSE

That the Defendants rely upon, adopt and incorporate by reference each and every

defense and provision, express and implicit, set forth within the Kentucky Civil Rights

Act, KRS 344 *et. seq.*, 42 U.S.C. Section 1983, *et. seq.*, the Fourth and Fourteenth

Amendment, as if set forth fully herein.  The Defendants rely upon same as a complete

and/or partial bar to Plaintiffs' recovery.

## FIFTEENTH DEFENSE

As further affirmative defenses, the Defendants rely upon the doctrines of

estoppel, waiver, good faith, lack of malice, Public Duty Doctrine, laches, and any

affirmative defense listed in Fed. Rule Civil Proc. 8(c)(1)(2).

## SIXTEENTH DEFENSE

The Defendants may not be held responsible for actions taken by others or caused by the Plaintiffs or others in whole or in part and from whom contribution, indemnity and/or comparative fault may be due.

## SEVENTEENTH DEFENSE

The Defendants at all times relevant were acting properly under color of state law and were acting within the scope of their official duties and employment with the Kentucky State Police, and not within his individual capacity.

## EIGHTEENTH DEFENSE

The Defendants acted in conformity with all applicable statutes, regulations, ordinances, common law, and in conformity with the Constitution of the United States and the Commonwealth of Kentucky.

## NINETEENTH DEFENSE

The Plaintiffs have failed to satisfy prerequisites of the claims asserted herein and are hereby barred from any recovery as a result thereof.

## TWENTIETH DEFENSE

As a further affirmative defense, the Defendants state that vicarious liability is not actionable against governmental officers or entities and any such claim should therefore be dismissed.

## TWENTY-FIRST DEFENSE

At all times mentioned in the Complaint, the Defendants acted with probable cause and exercised a reasonable belief as to the necessity of their actions and were justified in taking their actions which acts as a complete bar to Plaintiffs' Complaint.

## TWENTY-SECOND DEFENSE

The claims of the Plaintiffs for punitive damages should be dismissed because an award of punitive damages under Kentucky law, which is not subject to a pre-determined limit on the amount of punitive damages that a jury may impose, would violate due process rights guaranteed by the Constitution of the Commonwealth of Kentucky and violate the excessive fines provision of Section 17 of the Constitution of the Commonwealth of Kentucky.

## TWENTY-THIRD DEFENSE

The claim of the Plaintiffs for punitive damages against the Defendants should be dismissed because a jury, under Kentucky law:

1.  Is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of any punitive damages award;

2.  Is not adequately instructed on the limits of punitive damages imposed by the applicable principals of deterrence and punishment;

3.  Is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidious discriminatory characteristics including the residence and wealth of these Defendants;

4.  Is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and

5.  Is not subject to trial court and appellate judicial review for reasonableness and

furtherance of legitimate purposes on the basis of an objective standard.

For the foregoing reasons such an award would violate the due process and equal

protection rights guaranteed under the Fourteenth Amendment to the United States

Constitution and the Constitution of the Commonwealth of the State of Kentucky.

## TWENTY-FOURTH DEFENSE

The Plaintiffs' claim for punitive damages against the Defendants should be

dismissed as being in violation of the United States Constitution, including but not limited

to the Fifth and Eighth Amendments, as applied to the States through the Fourteenth

Amendment of the United States Constitution.

## TWENTY-FIFTH DEFENSE

The Plaintiffs' Complaint for punitive damages against the Defendants should be

dismissed as being in violation of the Constitution of the Commonwealth of Kentucky,

including but not limited to Articles 2, 17 and 26.

## TWENTY-SIXTH DEFENSE

The claim of the Plaintiffs for punitive damages should be dismissed because any

award of punitive damages under Kentucky law without bifurcating the trial and trying all

punitive damage issues separately, if and only if liability on the merits has been found,

would violate the Defendants' due process rights guaranteed by the Fourteenth

Amendment of the United States Constitution and the due process provisions of the

Constitution of the Commonwealth of Kentucky.

## TWENTY-SEVENTH DEFENSE

Defendants reserve the right to raise any other affirmative defense that may

become known in the course of discovery.

WHEREFORE, Defendants pray for dismissal of Plaintiffs' Complaint and the

claims stated therein, with prejudice and at Plaintiffs' cost; and for any and all other relief

to which the Defendants may be entitled, including, but not limited to, reasonable

attorney fees, costs, and trial by jury.

Respectfully Submitted,

s/David S. Hoskins
DAVID S. HOSKINS
400 South Main Street
P.O. Box 1185
Corbin, KY 40702-1185
Telephone: (606) 526-9009
Facsimile: (606) 528-7183
Email:  hoskinslaw@bellsouth.net
COUNSEL FOR DEFENDANTS

### CERTIFICATE OF SERVICE

The undersigned certifies that on this 3rd day of October, 2018, the foregoing was

filed electronically with the Clerk of the Court by using CM/ECF System which will send

notice of filing to all counsel of record.

s/David S. Hoskins
COUNSEL FOR DEFENDANTS