UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| DAVID ALLEN GABBARD, et al., | ) |
| Plaintiffs, | ) Civil Action No. 6:18-cv-236-CHB |
| v. | ) |
| RODNEY BREWER, Commissioner of the Department of Kentucky State Police, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Rodney Brewer's Motion to Dismiss Official Capacity Claim[1] [R. 27]. Plaintiffs David Allen Gabbard and Diana Muncy responded [R. 28], and Defendant replied to Plaintiff's response [R. 29]. This motion is ripe for review. For the reasons discussed below, the Court finds that this claim must be dismissed for lack of subject-matter jurisdiction and will deny Defendant's Motion to Dismiss as moot. [R. 27].

## I. Background

This action arises out of an altercation between Plaintiff David Allen Gabbard and three state troopers employed by the Kentucky State Police ("KSP"). On or about September 16, 2017, Plaintiffs allege that State Trooper Scott Townsley stopped Gabbard on a roadway. [R. 25, ¶¶ 3–

---

[1] While Defendant has titled his motion "Motion to Dismiss Official Capacity Claim," Plaintiffs style their response as "Response to Defendants' Motion for Judgment on the Pleadings." [R. 28, p. 1]. The distinction between the two motions is largely one of timing; a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "must be made before pleading if a responsive pleading is allowed," Fed. R. Civ. P. 12(b)(6), whereas pursuant to Rule 12(c), "after the pleadings are closed—but early enough to not delay trial—a party may move for judgement on the pleadings." Since the pleadings have not yet closed, *see Lillian B. v. Gwinnett Cty. Sch. Dist.*, 631 F. App'x 851, 853 (2015) ("The pleadings are closed only when a complaint and answer have been filed."), the Court will refer to Defendant's Motion as his "Motion to Dismiss" for clarity.

1

5] Later that evening, Gabbard posted on Facebook that he had been "pulled over for no reason" and subjected to police harassment. *Id.*, ¶ 6. Plaintiffs allege that the next day, on September, 17, 2017, Townsley and Troopers Joshua Roaden and Brandon Scalf ("Trooper Defendants") went to the property of Gabbard and Plaintiff Diana Muncy, who lives with Gabbard. *Id.*, ¶¶ 8–9. Plaintiffs allege that Townsley slapped Gabbard, kicked his dog, and tried to fight him, while Roaden and Scalf observed Muncy "through her bedroom window in a state of undress." *Id.*, ¶¶ 9–17.

On September 11, 2018, Plaintiffs Gabbard and Muncy filed a Complaint in this Court against Defendants Townsley, Roaden, and Scalf. [R. 1] On July 20, 2020, Plaintiffs filed an Amended Complaint, adding Rodney Brewer, the Commissioner of the Kentucky State Police, in his official capacity, as a defendant. [R. 25] The Amended Complaint contains six claims. The first claim (Count I) asks for relief pursuant to 42 U.S.C. § 1983 from a violation of constitutional rights. [R. 25, ¶¶ 44–54] The next four claims pertain to the Trooper Defendants: battery (Count II), *id.*, ¶¶ 55–59, assault (Count III), *id.*, ¶¶ 60–69, trespass (Count III[2]), *id.*, ¶¶ 70–78, and intentional infliction of emotional distress (Count IV), *id.*, ¶¶ 79–86. The final claim (Count V) seeks declaratory and injunctive relief against Defendant Brewer in his official capacity from "conducting 'knock and talk' investigations by entering onto the curtilage of property," "conducting traffic safety checkpoints," and "stopping individuals that turn away from a traffic safety checkpoint." *Id.*, ¶¶ 87–92.

On September 16, 2020, Commissioner Brewer filed a Motion to Dismiss Official Capacity Claim (Count V) asserting that the Court lacked subject-matter jurisdiction due to the Eleventh Amendment and state sovereign immunity and that Plaintiffs failed to state official-

---

[2] Due to an apparent drafting error in the Amended Complaint, both the counts of assault and trespass are labeled as "Count III."

capacity claims. [R. 27] Plaintiffs responded, arguing that the claims were allowed under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908). [R. 28] Defendant Brewer replied, arguing that *Ex parte Young* did not apply and that Plaintiffs lacked standing to bring official-capacity claims. [R. 29]

## II.     Standard of Review

Federal courts are courts of limited jurisdiction and "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto," thus, a plaintiff must satisfy statutory and constitutional standing requirements "in order for a federal court to have jurisdiction." *Loren v. Blue Cross & Blue Shield*, 505 F.3d 598, 606 (6th Cir. 2007) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S 534, 541 (1986). Even where statutory standing requirements are satisfied, "[i]f Plaintiffs cannot establish constitutional standing, their claims must be dismissed for lack of subject matter jurisdiction." *Id.* at 607.

A party may move to dismiss a claim for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), or the Court may raise the issue *sua sponte*. *See, e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation[.]"); Fed. R. Civ. P. 12(h)(3) ("[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). When the Court considers motions to dismiss under Rules 12(b)(1) (for lack of subject-matter jurisdiction) and 12(b)(6) (for failure to state a claim), the Court is "bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if [the] court lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1999).

"Standing is 'the threshold question in every federal case.'" *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester v. Laroe Ests., Inc.*, 137 S. Ct. 1645, 1650 (2017) (quoting *Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008)). "In general, to establish standing to bring suit, a plaintiff must show that (1) he or she has 'suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006) (internal quotation marks omitted) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). In addressing the actual or imminent injury-in-fact requirement, the Supreme Court has stated that "[a]lthough imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 n.2. (1992)).

The certainly impending injury requirement is not satisfied by the existence of previous harms; in an injunctive or declaratory judgment action, "allegations of past injury alone are not sufficient to confer standing." *Fieger*, 471 F.3d at 463; *see also Peoples Rights Org. v. City of Columbus*, 152 F.3d 522, 527 (6th Cir. 1998). Instead, showing imminent harm requires that the plaintiff "demonstrate actual present harm or a significant possibility of future harm to justify pre-enforcement relief." *Peoples Rights Org.*, 152 F.3d at 527.

### III.     Discussion

In his Motion to Dismiss, Defendant Brewer argues that "(1) the Court lacks subject matter jurisdiction due to Eleventh Amendment and state sovereign immunity; and (2) the Plaintiffs have failed to state official capacity claims under *Ex parte Young*." [R. 27, p. 1]. Defendant Brewer argues that, because Plaintiffs have sued him in his official capacity, he is entitled to state sovereign immunity, which is not abrogated by *Ex parte Young* because the suit does not ask for "relief fairly characterized as prospective" or allege any ongoing violations of law. *Id.* at 5–7. In their response, Plaintiffs assert that *Ex parte Young* applies because there is an ongoing investigation and they remain "at risk of continuing violations of their constitutional rights" under that investigation. [R. 28, pp. 8–11] In reply, Defendant Brewer reiterates his argument that *Ex parte Young* does not apply and also argues that Plaintiffs lack Article III standing because they do not allege an injury in fact. [R. 29, pp. 4–6].

Because Defendant Brewer did not move to dismiss official-capacity claims based on lack of Article III standing, the Court considers the issue *sua sponte* and finds that the standing requirement is not met. Here, the Amended Complaint neither identifies an actual, present federal law violation nor "a significant possibility of future harm" with respect to the official capacity claim against Defendant Brewer. The Court will consider each issue in turn.

First, Plaintiffs have not alleged any present violations of federal law by Defendant Brewer in his official capacity. Instead, the Amended Complaint alleges only a risk of future violations of their rights. The Amended Complaint states that "Mr. Gabbard is a continuing target of [KSP's] investigations" and that, because he is a continuing target, "Mr. Gabbard is at *at risk* of further unreasonable searches and seizures." [R. 25, ¶¶ 42–43 (emphasis added)] Further, in requesting declaratory and injunctive relief, the Amended Complaint states that "Mr.

Gabbard is *at risk* of being subjected to unreasonable searches and seizures as the Defendant Troopers have testified that he is the subject of an ongoing investigation." *Id.*, ¶ 89 (emphasis added). All other allegations in the Amended Complaint concern past harm. The Amended Complaint simply makes no reference to present violations of law. The only present action Plaintiffs allege KSP is taking is KSP's "ongoing investigation" of Mr. Gabbard. *Id.* But Plaintiffs do not allege that this ongoing investigation is a harm or violation *in and of itself*, rather, they simply allege that the current investigation allegedly puts them at risk of future unreasonable searches and seizures. *Id.*, ¶¶ 42–43, 89. Plaintiffs' attempt to argue in their Response to the Motion to Dismiss that they have a "real and present threat . . . that they are under an ongoing and continuing investigation" does not help to identify a present violation of federal law. [*See* R. 28, p. 8] Rather, this argument merely notes that the investigation puts them at risk of future violations. *Id.* Plaintiffs have not alleged a present violation of federal law against Defendant Brewer in his official capacity that can meet their Article III standing requirements.

Second, Plaintiffs do not allege any conduct that subjects them to "a significant possibility of future harm." *Peoples Rights Org.*, 152 F.3d at 527. Plaintiffs allege three violations of their constitutional rights: KSP's unpublished traffic safety checkpoint near their residence; KSP's pursuit and stop of Gabbard; and KSP's search of the Gabbard and Muncy residence during a 'knock and talk' investigation since Gabbard is apparently under investigation. [R. 25, ¶ 89] Plaintiffs allege that they risk these violations happening again. [*Id.*; R. 28, pp. 7–9] This allegation does not rise to "a significant possibility of future harm." Plaintiffs do not allege that they are still being subjected to traffic stops or "knock and talks," nor do they detail how often they have been subjected to those practices in the past, or how likely

they will be in the future. Plaintiffs allege only that these violations have happened in the past, so they might happen again. [R. 25, ¶ 89] Where a defendant "provide[s] no evidence that he has been threatened with further or repeated" constitutional violations, he lacks Article III standing to seek declaratory or injunctive relief focused on prospective harm. *Barber v. Miller*, 809 F.3d 840, 848 (6th Cir. 2015).

In *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), a Los Angeles resident requested declaratory and injunctive relief against the City of Los Angeles to prevent the police department's use of chokeholds in several situations. 461 U.S. at 98. Lyons argued that because he had been subjected to an illegal chokehold before and because several Los Angelinos had died previously from police chokeholds, he faced a substantial risk of being subjected to an illegal chokehold again. *Id.* at 99–100. The district court granted him a preliminary injunction and the Court of Appeals affirmed. *Id.* at 100. The Supreme Court, however, held that Lyons lacked standing to seek the injunction because, despite his past experience in a chokehold and others' experiences, he could not actually show that he specifically was likely to be subjected to a chokehold again. *Id.* at 106–08. The Court explained how unlikely the future harm was by "not[ing] that five months elapsed between [when Lyons was subjected to a chokehold] and the filing of the complaint, yet there was no allegation of further unfortunate encounters between Lyons and the police." *Id.* at 108. Because Lyons could not show that his past harm put him at risk of future harm, the Court held that he could not satisfy Article III's injury-in-fact requirement. *Id.* at 109 ("If [the plaintiff] has made no showing that he is realistically threatened by a repetition of his experience . . . then he has not met the requirements for seeking an injunction in a federal court.").

Here, Plaintiffs allege that they suffered past injury through previous warrantless "knock-and-talk" investigations and unpublished checkpoints. [R. 25, ¶¶ 31–41] Like Lyons, they allege that these past violations put them at risk of future violations of their rights and request injunctive and declaratory relief to prevent those future violations. *Id.*, ¶¶ 89–90. But Plaintiffs have failed to show how those past violations actually put them at higher risk of future violations—instead, they have only speculated that they face higher risk. *Id.*

That Gabbard may be the target of an ongoing drug investigation is not sufficient to raise the risk of future harm above speculation. The alleged constitutional violations happened on September 16–17, 2017, and the Amended Complaint was filed July 20, 2020—nearly three years later. [R. 25, ¶¶ 3–8] Notwithstanding the fact that Mr. Gabbard claims he is under investigation, there are no allegations in the Amended Complaint that any of the alleged illegal practices have occurred again. In *Lyons*, the Court found that a five-month lapse period between the violation and the complaint was indicative of a purely speculative risk of future harm. *See Lyons*, 461 U.S. at 108. Considerably more time has passed in this case. Similar to *Lyons*, Plaintiffs have "made no showing that [they are] realistically threatened by a repetition of [their] experience." *Lyons,* 461 U.S. at 109. Because Plaintiffs have not provided any evidence that they are threatened with future harm that rises above the speculative, they lack Article III standing. *See Fieger*, 471 F.3d at 463.

The Court finds that the Plaintiffs have failed to demonstrate Article III standing for their claims against Defendant Brewer in his official capacity and their claims must therefore be dismissed for lack of subject-matter jurisdiction. As such, the Court does not reach the substantive portion of Defendant Brewer's motion and will deny it as moot.

### IV. Conclusion

For the reasons explained above, the Court will deny Defendant Brewer's Motion to Dismiss as moot. [R. 27] The Court will dismiss Count V, the official capacity claim against Defendant Brewer, due to a lack of subject-matter jurisdiction. Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Defendant Rodney Brewer's Motion to Dismiss Official Capacity Claim **[R. 27]** is **DENIED as moot.**

2. The Official Capacity claim against Commissioner Rodney Brewer, Count V, is **DISMISSED without prejudice** for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3).

This the 2nd day of July, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY